IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES L. SHERLEY,** *et al.*, ) | |
| ) | |
| **Plaintiffs**, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-01575-RCL |
| ) | |
| **KATHLEEN SEBELIUS**, in her official ) | |
| capacity as Secretary of the Department of ) | |
| Health and Human Services, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' REPLY REGARDING THEIR OBJECTION TO PLAINTIFFS' RELATED CASE DESIGNATION

As the defendants showed in their objection to the plaintiffs' related case designation, this case is not related to *Nightlight Christian Adoptions, et al. v. Thompson, et al.*, D.D.C. No. 01-cv-00502, under Local Rule 40.5(a)(4), as the two cases neither involve the same parties nor relate to the same subject matter.

1. The two cases do not involve the same parties. Seven plaintiffs from the prior action are not participating in this case, and six plaintiffs in this case did not participate in the prior suit. This Court has recognized that *all* of the parties must be identical in order for the narrow exception to the random-assignment rule to apply. In *Judicial Watch, Inc. v. Rossotti*, 2002 WL 31100839 (D.D.C. Aug. 2, 2002), this Court noted that two suits each had named the IRS as a defendant, but held that the suits were not related because each had named additional defendants that the other did not. "Because the prior case has already been dismissed, in order for plaintiff to claim that the instant case is related the identities of the parties must be identical. The parties

here are not identical, and the cases are therefore not related." *Id.* at *1 (internal citation omitted).[1]

2. The two cases do not relate to the same subject matter. The subject matter of the first suit was a set of guidelines that NIH published after notice and comment in August 2000, but withdrew in November 2001. The subject matter of this case is a new set of guidelines that NIH published, after a new round of notice and comment, in July 2009. The plaintiffs argue that the two cases are related because they alleged the same legal theories, *i.e.*, that, in promulgating each set of guidelines, NIH violated the Dickey-Wicker Amendment and failed to follow APA rulemaking procedures. (Dkt No. 26 at 4.) But two cases are not related simply because they allege that discrete agency actions violate the same statute. If all that Rule 40.5 required was a common legal theory, many of the cases on this Court's docket would have to be deemed related. And the procedural APA claims raised in the two cases are obviously different, as each case involved a separate notice-and-comment rulemaking.[2]

As previously stated, the defendants do not object to litigating this case before this, or any other, Judge of this Court. Rather, the defendants make this objection out of respect for this

---

[1] The plaintiffs cite *Judicial Watch*, thereby demonstrating their awareness of that case, yet represent that "the Court has never held that a case must involve *each and every one* of the same parties in order to be characterized as related." (Dkt No. 26 at 2; emphasis in original.) Given the language quoted above, the plaintiffs' representation is flatly wrong.

[2] It is difficult to envision the scenario proffered by the plaintiffs, in which agencies would suddenly withdraw rules published after notice and comment for the sole purpose of avoiding a judge assignment, wait almost a decade, and then publish a new rule after another round of notice and comment in a different Administration. The plaintiffs' hypothesis defies the realities of rulemaking.

Court's case assignment procedures, which are undermined by the plaintiffs' broad reading of the related case rule.

## **CONCLUSION**

For the reasons stated above, the defendants' objection to the plaintiffs' related case designation should be sustained, and this case should be transferred to the Calender and Case Management Committee for random assignment pursuant to Local Rule 40.5(c).

Dated: September 18, 2009

Respectfully submitted,

TONY WEST
Assistant Attorney General

CHANNING D. PHILLIPS
Acting United States Attorney

   */s/ Joel McElvain*
SHEILA M. LIEBER, IL Bar No. 1567038
Deputy Director
ERIC R. WOMACK, IL Bar No. 6279517
JOEL McELVAIN, DC Bar No. 448431
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave., Room 7-5395
San Francisco, CA 94102
Telephone:    (415) 436-6645
Fax:               (415) 436-6632
Email:            Joel.McElvain@usdoj.gov

*Attorneys for Defendants*