# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JAMES L. SHERLEY,** *et al.,* | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 09-1575 (RCL)** |
| **KATHLEEN SEBELIUS, in her official capacity as Secretary of the Department of Health and Human Services,** *et al.,* | ) ) ) ) ) ) | |
| **Defendants.** | ) ) ) | |

## <u>ORDER</u>

Upon consideration of defendants' Emergency Motion to Stay Preliminary Injunction Pending Appeal (ECF No. 48), the opposition thereto (ECF No. 51), and the record herein, it is hereby

ORDERED that defendants' motion for a stay is DENIED.

Defendants are incorrect about much of their "parade of horribles" that will supposedly result from this Court's preliminary injunction.

Plaintiffs agree that this Court's order does not even address the Bush administration guidelines, or whether NIH could return to those guidelines. (Defs.' Opp'n 5.) The prior guidelines, of course, allowed research only on existing stem cell lines, foreclosing additional destruction of embryos.

Plaintiffs also agree that projects previously awarded and funded are not affected by this Court's order. (*Id.*)

Plaintiffs question whether this Court's order exempts so-called "intramural" NIH projects—that is, research carried out onsite by NIH researchers—since the record is unclear whether those funds could be re-programmed for the grant programs. (*Id.* at 6.) Obvious standing questions are presented for the Court if such funds are not available for persons such as plaintiffs, and a motion to clarify this issue can be expeditiously briefed and decided.

Plaintiffs also question whether this Court's order prevents NIH from doing peer review of applications or from maintaining the Human Embryonic Stem Cell Registry. (*Id.*) Again, one would have expected these issues to have been briefed and decided with the preliminary injunction motion. Plaintiffs do not contest NIH document or website preservation activities, or other activities related solely to adult or induced pluripotent stem cell research. Whether and how these can be separated out is not clear from the record today.

Additionally, since plaintiffs anticipate filing their motion for summary judgment by September 10, (*id.* at 13 n.4,) the length of time this preliminary injunction will be in place should be limited.

In this Court's view, a stay would flout the will of Congress, as this Court understands what Congress has enacted in the Dickey-Wicker Amendment. Congress remains perfectly free to amend or revise the statute. This Court is not free to do so.

Congress has mandated that the public interest is served by preventing taxpayer funding of research that entails the destruction of human embryos. It is well-established that "[i]t is in the public interest for courts to carry out the will of Congress and for an agency to implement properly the statute it administers." *Mylan Pharms., Inc. v. Shalala*, 81 F. Supp. 2d 30, 45 (D.D.C. 2000).

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on September 7, 2010.