UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES L. SHERLEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case Number 1:09-cv-01575-RCL |
| | ) |
| KATHLEEN SEBELIUS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**UNOPPOSED MOTION OF THE COALITION FOR THE ADVANCEMENT OF MEDICAL RESEARCH FOR LEAVE TO FILE BRIEF AMICUS CURIAE**

The Coalition for the Advancement of Medical Research ("CAMR") hereby moves, pursuant to LCvR 7, for leave to file the brief amicus curiae and exhibits thereto submitted herewith. CAMR, a not-for-profit organization under section 501(c)(4) of the Internal Revenue Code, is a coalition of nearly 100 nationally recognized patient organizations, universities, scientific societies, and foundations that engages in advocacy and education regarding breakthrough research and technologies in the field of medical and health research, including stem cell research. CAMR's members are listed in Exhibit 1 to the amicus brief and Exhibit 1 to the memorandum of points and authorities in support of this motion.

The grounds for the motion are set forth in the accompanying memorandum of points and authorities. Pursuant to LCvR 7(m), counsel for CAMR state that counsel for Plaintiffs and Defendants each have authorized the undersigned to state that they do not oppose the granting of this motion.

WHEREFORE, CAMR prays for entry of an Order granting leave to file the accompanying brief amicus curiae and exhibits thereto.

                            Respectfully submitted,

                            /s/ Andrew T. Karron
                            Andrew T. Karron (No. 393336)
                            Samuel Witten (No. 378008)
                            Elizabeth Leise (No. 483665)
                            Benjamin Wallfisch (No. 986286)
                            ARNOLD & PORTER LLP
                            555 Twelfth Street, NW
                            Washington, DC  20004-1206
                            Telephone:  202.942.5000
                            Facsimile:   202.942.5999
                            E-Mail:  Andrew.Karron@aporter.com

                            *Attorneys for*
                            *Coalition for the Advancement of Medical Research*

Dated:  September 28, 2010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| JAMES L. SHERLEY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Number 1:09-cv-01575-RCL |
| ) | |
| KATHLEEN SEBELIUS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE UNOPPOSED MOTION OF
THE COALITION FOR THE ADVANCEMENT OF MEDICAL RESEARCH
FOR LEAVE TO FILE BRIEF AMICUS CURIAE**

The Coalition for the Advancement of Medical Research ("CAMR") respectfully submits this memorandum in support of its motion for leave to file a brief amicus curiae and accompanying exhibits thereo (Exhibit 1 hereto) in further support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, which seeks a permanent injunction against enforcement of NIH Guidelines relating to federal funding for research projects using human embryonic stem cells (hESCs),[1] and Defendants' Motion for Summary Judgment [Dkts. 57-58]. Counsel for the parties have authorized the undersigned to state that they do not oppose the granting of this motion.

---

[1] National Institutes of Health Guidelines for Human Stem Cell Research, 74 Fed. Reg. 32,170 (July 7, 2009).

CAMR, a not-for-profit organization under section 501(c)(4) of the Internal Revenue Code, is a coalition of nearly 100 nationally recognized patient organizations, universities, scientific societies, and foundations that engages in advocacy and education regarding breakthrough research and technologies in the field of medical and health research, including research with respect to all forms of stem cells.  CAMR's members are listed in Exhibit 2 hereto. CAMR seeks to file the attached brief amicus curiae, and accompanying exhibits, because its members and their constituents will be directly affected by this Court's decision with respect to the pending motion.[2]  Many of CAMR's member institutions and their employees conduct federally-funded research that uses previously derived hESCs (among other types of stem cells). Other CAMR members are professional societies whose members engage in such research. Finally, other CAMR members are patient organizations whose members stand to benefit from advances in medical science to be achieved through research involving hESCs.

CAMR's brief and accompanying exhibits seek to address issues directly relevant to this case as to which the expertise of CAMR's members may be useful to the Court.  Specifically, the brief provides background factual information that is relevant to understanding the nature of the research at issue; the scientific value of that research; the longstanding recognition of the value of that research by the scientific community, Congress and the Executive Branch; and the harm to CAMR's members that would result from an injunction prohibiting federal funding of such research.  In particular, this information includes:

---

[2] As the Court is aware, CAMR's strong interest in this case led to its motion for leave to file a brief amicus curiae in connection with Defendants' motion to stay the preliminary injunction [Dkt. 52], which the Court "reluctantly" denied by Order dated September 7, 2010 [Dkt. 54].

2

- The history of stem cell research generally, and federally funded hESC research in particular during the past nine years, with the full knowledge and consent of Congress;

- The views of the scientific community, as reflected in peer-reviewed literature and statements by professional societies and others, endorsing the value and therapeutic promise of research involving hESCs, among other forms of stem cells;

- How research involving hESCs is conducted and, in particular, the separation between hESC research and the separate, independent process of deriving hESC lines, which can occur years before any research is conducted using such lines; and

- The hESC lines that NIH has approved pursuant to the Guidelines for placement on the NIH Registry, virtually all of which were derived before NIH promulgated its notice of rulemaking regarding the Guidelines challenged in this case.

This type of specialized input is precisely the type of information that amicus curiae typically provide. "An *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). Here, the input of CAMR's members, including research institutions currently performing research using previously derived human embryonic stem cells and patient advocacy groups, is a distinct perspective not provided by either party.

This Court has broad discretion to permit CAMR's participation as an amicus curiae. *See, e.g.*, *National Ass'n of Home Builders v. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). And, indeed, the Court has observed that it "typically welcomes amicus briefs." Order dated Sept. 7, 2010 [Dkt. 54].

There is no reason to decline CAMR's amicus participation, which the parties do not oppose. CAMR has moved promptly to file its amicus brief, within one day of Defendants' filing of their opposition to Plaintiffs' summary judgment motion and their cross-motion for summary judgment. Consideration of CAMR's amicus brief will not cause undue delay in the progress of this case. Nor will it prejudice Plaintiffs, who will have ample opportunity to respond to the matters raised in the amicus brief.[3]

---

[3] CAMR's support for Defendants' position does not constitute grounds for denying leave to participate amicus curiae. *See, e.g.*, *Jin*, 557 F. Supp. 2d at 138 (allowing amicus participation supporting a party's position); *Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (allowing amicus "seek[ing] to support the government's arguments in favor of the validity of its action and its interpretation of" the relevant law to participate).

## CONCLUSION

The motion should be granted.

                        Respectfully submitted,

/s/ Andrew T. Karron
Andrew T. Karron (No. 393336)
Samuel Witten (No. 378008)
Elizabeth Leise (No. 483665)
Benjamin Wallfisch (No. 986286)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:   202.942.5000
Facsimile:    202.942.5999
E-Mail:  Andrew.Karron@aporter.com

*Attorneys for*
*Coalition for the Advancement of*
*Medical Research*

Dated:  September 28, 2010