# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. JAMES L. SHERLEY, et al.,<br>      Plaintiffs,<br><br>v.<br><br>KATHLEEN SEBELIUS, et al.,<br>      Defendants. | Civil Action<br>No. 09-CV-01575-RCL |

## OPPOSITION TO THE COALITION FOR
## THE ADVANCEMENT OF MEDICAL RESEARCH'S
## MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE

Samuel B. Casey, Cal. Bar No. 76022
ADVOCATES INTERNATIONAL
9691 Main Street, Suite D
Fairfax, VA 22031
(703) 894-1076


Steven H. Aden, D.C. Bar No. 466777
ALLIANCE DEFENSE FUND
801 G. Street N.W., Suite 509
Washington, D.C. 20001
(202) 393-8690

Thomas G. Hungar, D.C. Bar No. 447783
Bradley J. Lingo, D.C. Bar No. 490131
Thomas M. Johnson, Jr., D.C. Bar No. 976185
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

Blaine H. Evanson, Cal. Bar No. 254338
Alison E. Klingel, Cal. Bar No. 258194
GIBSON, DUNN & CRUTCHER LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 229-7000

The Motion for Leave to File Brief Amicus Curiae [Dkt. No. 61] filed by the Coalition for the Advancement of Medical Research ("CAMR") should be denied to the extent it seeks to introduce evidence into the record. Contrary to CAMR's representation, Plaintiffs did not consent to CAMR's improper attempt to enter evidence into the record by means of exhibits appended to its amicus brief.

CAMR's motion represents that "counsel for Plaintiffs and Defendants each have authorized [CAMR] to state that they do not oppose the granting of this motion." [Dkt. No. 61, at 1.] But Plaintiffs consented only to the filing of an amicus brief, not to the introduction of evidentiary exhibits into the record. *See* E-mail from Plaintiffs' Counsel to CAMR's Counsel (Sept. 22, 2010) (Exhibit A) ("[W]e will not object in district court to a timely *amicus brief* at the motion for summary judgment stage . . . .") (emphasis added). In its request for consent, CAMR made no mention of evidentiary exhibits. In its purportedly "unopposed" motion, by contrast, CAMR explicitly requested "an Order granting leave to file the accompanying brief amicus curiae *and exhibits thereto*" [Dkt. No. 61, at 1] (emphasis added), and CAMR's proposed order states that the "Clerk is directed to file *in the record* the Brief Amicus Curiae of [CAMR], *together with the exhibits to the Brief*." [Dkt. No. 61, Attach. No. 2, at 1] (emphases added).

Thus, CAMR's motion explicitly recognizes the distinction between its amicus brief, on the one hand, and the evidentiary exhibits it seeks to introduce into the record, on the other. Yet CAMR did not seek Plaintiffs' consent to the introduction of exhibits into the record, and Plaintiffs did not consent to any such order. Nor would they have done so, given the vast amount of new material that CAMR seeks to enter into the record. Along with the amicus brief, CAMR seeks to enter into the record nearly 500 pages of supporting documentation. As part of this expansive filing, CAMR has sought to file several declarations, which include new alleged facts

concerning the purported scientific merits of human embryonic stem cell research and the feasibility of alternatives. [Dkt. No. 61, Attach. No. 5, 6, 7.] These declarations drastically exceed the scope of Plaintiffs' limited consent to CAMR's request to file an amicus *brief*, go far beyond the recognized role of amicus curiae before this Court, and will significantly and needlessly expand an already substantial record.

Although CAMR asserts that the "filing of supporting exhibits with [an amicus brief] is not novel," [Dkt. No. 65], the entry of evidence into the record by amicus contravenes established practice and the weight of authority in this Court. The principle that "[a]n amicus curiae is not a party and generally cannot assume the functions of a party" is well established. 4 AM. JUR. 2D AMICUS CURIAE, § 6, *Rights and Powers of Amicus Curiae* (2010). Further, because "[a]mici are not parties," it follows that they "cannot introduce evidence." *High Sierra Hikers Ass'n v. Powell*, 150 F. Supp. 2d 1023, 1045 (N.D. Cal. 2001), *aff'd in part, rev'd in part on other grounds*, 390 F.3d 630 (9th Cir. 2004).

Indeed, this Court has previously denied leave to file an amicus curiae brief because the additional material threatened to "unduly expand the already extensive record in this case." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (Lamberth, J.) (noting that both parties opposed the amicus filing and discussing the potential effect of the filing on the record). Other federal courts across the country have likewise rejected attempts by amici to introduce evidence into the record. *See High Sierra Hikers Ass'n*, 150 F. Supp. 2d at 1045 ("[T]he extra-record evidence submitted by Amici is excluded."); *see also Weinstock v. Columbia Univ.*, 224 F.3d 33, 46 (2d Cir. 2000) (holding that statistical evidence introduced in an amicus brief is "simply not part of the record, and is therefore material that cannot be considered in deciding this case"); *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 793-94 (D.C. Cir. 1984) (rejecting an attempt by

amicus to "submit affidavits before" the court and striking "the portion of the *amicus* brief discussing these exhibits"); *Kitzmiller v. Dover Area Sch. Dist.*, No. 04CV2688, 2005 WL 2736500, at *1 (M.D. Pa. Oct. 24, 2005) (rejecting attempt by amicus to include a draft expert report as an exhibit to the amicus brief, because the "inclusion of such information in an *ad hoc* unsolicited fashion" was improper, and the court would "not countenance what is clearly a 'back door' attempt to insert [such evidence] into the record . . . "); *cf. Lamprecht v. FCC*, 958 F.2d 382, 389 (D.C. Cir. 1992) (holding that intervenors as nonparties "cannot expand the proceedings").

Besides the fact that amici, as non-parties, do not have standing to introduce record evidence, courts have also noted that allowing amici to enter record evidence would often be unnecessary, redundant, and potentially prejudicial. *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) ("Any new evidence [introduced by amicus] would remain unrebutted, and [be] possibly prejudicial to the Plaintiffs."); *see also Cobell*, 246 F. Supp. 2d at 62 (discussing the redundancy and added burden of additional amicus briefs).

In this case, CAMR seeks to introduce additional evidence into an already substantial record and does so under the guise of "consent" that has not been given. There is no question that CAMR is not a party to the case, yet it has sought to introduce record evidence as if it were a party. Such an "ad hoc," "back door" attempt to introduce record evidence not only violates established law and Plaintiffs' limited grant of consent, it will also place an additional burden on this Court and on the actual parties to this case. Plaintiffs should not be forced to respond to

hundreds of pages of new and detailed factual allegations raised for the first time in an amicus brief.[1]

\*   \*   \*

For the foregoing reasons, this Court should deny CAMR's Motion for Leave to File Brief Amicus Curiae to the extent that CAMR seeks leave to file and enter exhibits into the evidentiary record.[2]

Dated:  October 12, 2010                                                           Respectfully Submitted,

  /s/  Thomas G. Hungar

| | |
|---|---|
| Samuel B. Casey, Cal. Bar No. 76022<br>ADVOCATES INTERNATIONAL<br>9691 Main Street, Suite D<br>Fairfax, VA 22031<br>(703) 894-1076<br><br>Steven H. Aden, D.C. Bar No. 466777<br>ALLIANCE DEFENSE FUND<br>801 G. Street N.W., Suite 509<br>Washington, D.C. 20001<br>(202) 393-8690 | Thomas G. Hungar, D.C. Bar No. 447783<br>Bradley J. Lingo, D.C. Bar No. 490131<br>Thomas M. Johnson, Jr., D.C. Bar No. 976185<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 955-8500<br><br>Blaine H. Evanson, Cal. Bar No. 254338<br>Alison E. Klingel, Cal. Bar No. 258194<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 |

---

[1]  If the Court does permit CAMR to introduce this improper new evidence into the record, Plaintiffs respectfully request an opportunity to respond with a supplemental brief and, if necessary, further evidentiary materials.

[2]  The State of Wisconsin has filed a motion for leave to join the amicus brief provisionally filed by CAMR.  Plaintiffs do not object to such joinder in the brief, but do object to the State of Wisconsin's effort to join with CAMR in seeking to introduce new evidence into the record, for the reasons discussed herein.

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2010, I caused a true and correct copy of the foregoing Plaintiffs' Motion in Opposition to CAMR's Motion for Leave to File Brief Amicus Curiae to be served on Defendants' and CAMR's counsel electronically by means of the Court's ECF system.

    /s/ Thomas G. Hungar

Thomas G. Hungar