UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES L. SHERLEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case Number 1:09-cv-01575-RCL |
| | ) |
| KATHLEEN SEBELIUS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPLY MEMORANDUM OF
COALITION FOR THE ADVANCEMENT OF MEDICAL RESEARCH
IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE**

Plaintiffs' Opposition offers no valid reason for this Court not to follow its normal

practice of "typically welcom[ing] amicus briefs," Order dated Sept. 7, 2010 [Dkt. 54], and to

exercise its broad discretion to permit CAMR's participation as an amicus curiae, *see, e.g.*,

*National Ass'n of Home Builders v. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C.

2007).

Contrary to Plaintiffs' assertion, which is based mostly on cases from other circuits, filing

exhibits with an amicus brief does not contravene established practice and the weight of

authority in this Court.  Opp. at 2.  *See, e.g., Petties v. District of Columbia*, No. 95-0148 (PLF),

2006 WL 1046943, at *2-3 (D.D.C. April 21, 2006).  *See also Blackman v. District of Columbia*,

321 F. Supp.2d 99, 103 (D.D.C. 2004).[1]  Given that established practice, and the fact that CAMR

had attached an exhibit to its proposed amicus on the motion for emergency stay of the Court's

Order entering a preliminary injunction, Plaintiffs certainly could have anticipated the possibility

that CAMR might similarly seek to follow that procedure here.  Had Plaintiffs' counsel wished

to impose any limitation or conditions on their consent, or to obtain additional information

concerning the form or content of the proposed amicus brief, they could have raised those issues

and counsel would have responded appropriately.  They chose not to do so.  CAMR's counsel

cannot be faulted for not anticipating issues Plaintiffs chose not to raise.

Plaintiffs similarly are wrong to suggest that the exhibits would pose any significant

burden to the Court or counsel.  As CAMR noted in its Response to Plaintiffs' Notice, the

---

[1] As Plaintiffs concede (Opp. at 2), in *Cobell v. Norton*, 246 F. Supp. 2d 59 (D.D.C. 2003), unlike in this case, both parties opposed the amicus filing.  Moreover, the Court in fact permitted another amicus brief to be filed by an entity that, like CAMR, was a coalition organization representing a large number of entities. *Id.* at 63. *Boswell v. Heckler*, 749 F.2d 788 (D.C. Cir. 1984), in fact considered an appendix submitted by amicus in remanding to the District Court, *id.* at 793; the affidavits it struck were submitted not by amici, but by *parties* – "appellant hospitals" – and the court struck them as the district court had rejected affidavits submitted by an amicus. *Id.* at 794.  Here, of course, both parties have submitted affidavits. *See, e.g.,* Declarations of Drs. Sherley and Deischer [Dkt. 51-1 and 51-2]; Declaration of Story Landis [Dkt. 58-2]. *Lamprecht v. FCC*, 958 F.2d 382 (D.C. Cir. 1992), involved an intervenor's attempt to introduce new statutory and constitutional issues into the case, *id.* at 389; plaintiffs do not, nor could they, suggest any similar effort by CAMR.

Plaintiffs' reliance on cropped snippets from other, out of district cases similarly fails to support their establish their characterization of amicus practice.  For example, in *Weinstock v. Columbia Univ.*, 224 F.3d 33 (2d Cir. 2000), the Second Circuit rejected reliance on statistical evidence "culled from an [appellate] amicus brief and never presented to the district court or on appeal." *Id.* at 46. *See also id.* at 53 n.1 (Cardamone, dissenting).  Nothing in the case suggests that presentation of such information in an amicus brief at the trial level would be improper. *Gandee v. Glaser,* 785 F. Supp. 684 (S.D. Ohio 1992), recognized that "' courts have exercised great liberality'" in permitting an amicus curiae to file a brief and even "'to argue the case and introduce evidence,'" although the court upheld a Magistrate Judge's decision declining to do so at the post-trial briefing stage. *Id.* at 686 (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).  Similarly, *Kitzmiller v. Dover Area School Dist.*, No. 04CV2688, 2005 WL 2736500 (M.D. Pa. Oct. 24, 2005), unlike this case, involved an attempt to introduce and/or rely upon a new expert report *after trial* at which the parties had examined and cross-examined their respective experts. *Id.* at *1.

overwhelming majority of the exhibits submitted in support of the proposed amicus brief consist

of publicly available materials cited in the brief that were provided for the convenience of the

Court and counsel.  [Dkt. 65 at 2 n.2, filed Sept. 29, 2010].  These materials, which include

congressional testimony, scientific literature, NIH forms, public statements by professional

societies, and a declaration by Dr. Collins that already was in the Court's records, include not

only the exhibits in volume 1 of the exhibits (containing the Leise Declaration identifying and

attaching the exhibits), but also several of the exhibits to the other declarations contained in

volume 2 of the exhibits.

CAMR could simply have cited these materials in its brief, rather than providing them to

the Court and counsel.  It is ironic, to say the least, that Plaintiffs are complaining about

CAMR's effort to reduce or eliminate any burden by making these cited sources readily available

to Plaintiffs.

To the extent Plaintiffs' complaint is about the declarations of the scientists and others

(Exhibits B-F), which are cited only on a few pages of CAMR's brief – and then typically in

conjunction with other sources – Plaintiffs' objection similarly rings hollow.[2]  After CAMR

moved for leave to file a brief amicus curiae, Plaintiffs negotiated with Defendants and filed an

unopposed motion to establish a briefing schedule, and increased page limits, for Plaintiffs to file

a combined brief "including their reply in support of Plaintiffs' motion for summary judgment,

_____

[2] CAMR notes that the information set forth in these declarations also is consistent with, and in some respects duplicates, that contained in the Declaration of Story Landis filed in support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment less than 24 hours before CAMR filed its motion and attached brief.  [Dkt. 58-2].  In light of the tight agreed-upon 24 hour time constraint for filing CAMR's motion and brief in order to afford Plaintiffs' the maximum time to consider and respond to arguments in CAMR's brief, CAMR was not in a position to revise its brief to eliminate entirely all material that might duplicate material submitted by Defendants.

their opposition to the Government's motion for summary judgment, and any substantive response to the arguments set forth in amici curiae CARM's [sic] and GPI's briefs." [Dkt. 67 at 1]. Plaintiffs never suggested that the briefing arrangements they themselves requested (and which the Court subsequently approved by Order dated October 5, 2010) were inadequate.

Fundamentally, Plaintiffs' opposition to CAMR's motion seeks a procedural remedy for a substantive problem. Through selective citation of the scientific literature, Plaintiffs have sought to create a distorted picture of the relevant scientific literature and practice and the broad impact of the injunctive relief they seek. CAMR's proposed brief amicus curiae and supporting materials make that clear. That is really why Plaintiffs object to them.

CAMR's proposed amicus brief and supporting exhibits seek to bring to the Court's attention relevant scientific information regarding the highly technical field of stem cell research generally, and the lengthy history of federally funded hESC research in particular, so that the Court may, if and to the extent it wishes to do so, have the benefit of and consider that information in reaching a reasoned judgment in this case. CAMR respectfully submits that this is entirely consistent with the traditional role of an amicus curiae.

**CONCLUSION**

The motion should be granted.

Respectfully submitted,

/s/ Elizabeth Leise
Andrew T. Karron (No. 393336)
Samuel Witten (No. 378008)
Elizabeth Leise (No. 483665)
Benjamin Wallfisch (No. 986286)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:   202.942.5000
Facsimile:   202.942.5999
E-Mail:  Andrew.Karron@aporter.com

*Attorneys for Proposed Amicus Curiae*
*Coalition for the Advancement of Medical Research*

Dated:  October 14, 2010

5

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of October, 2010, I caused a copy of the foregoing REPLY MEMORANDUM OF COALITION FOR THE ADVANCEMENT OF MEDICAL RESEARCH IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE to be filed electronically and that the document is available for viewing and downloading from the ECF system.

/s/ Elizabeth Leise
Elizabeth Leise
ARNOLD & PORTER LLP